**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **In re:**<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>**as representative of**<br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>**Debtor** | **PROMESA Title III**<br><br>**No. 17 BK 3283-LTS**<br><br>**(Jointly Administered)** |
| UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM, THROUGH THE UNIVERSITY OF PUERTO RICO RETIREMENT BOARD<br><br>**Plaintiffs**<br><br>v.<br><br>UNIVERSITY OF PUERTO RICO THROUGH THE UNIVERSITY OF PUERTO RICO GOVERNING BOARD; CPA RICARDO DALMAU-SANTANA, PRESIDENT OF THE UNIVERSITY OF PUERTO RICO GOVERNING BOARD; XYZ ENTITY<br><br>**Defendants** | **Adv. Proc. No. \_\_\_\_\_ in 17 BK 3283-LTS** |

**NOTICE OF REMOVAL**

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE LAURA TAYLOR SWAIN:**

The University of Puerto Rico (the "UPR"), the University of Puerto Rico Governing Board (the "Governing Board") and CPA Ricardo Dalmau-Santana hereby remove (the "Removal") the following action to the United States District Court for the District of Puerto Rico (the "District Court"), pursuant to PROMESA section 306(d)(1):

- *University of Puerto Rico Retirement System v. University of Puerto Rico*, *et al.*, Civil No. SJ2023CV04406, filed in the Commonwealth of Puerto Rico Court of First Instance, San Juan Superior Court (the "Local Court") on May 11, 2023 (the "Civil Action").

-1-

In support of this Removal, the UPR and the Governing Board respectfully state as follows:

I.      **FACTS SUPPORTING REMOVAL**

**a. The Parties**

1. The UPR is the public university system of Puerto Rico.

2. The current governing body for the UPR is the Governing Board. Ricardo Dalmau-Santana, CPA, is the current President of the Governing Board and is a named defendant in the Civil Action.

3. The Retirement System for the UPR (the "UPR Retirement System") was created by its governing body on November 28, 1950. Thereafter, with the approval of the Law of the University of Puerto Rico, on January 20, 1966, 18 L.P.R.A. §§601 et seq (the "UPR Law"), the governing body of the UPR was directed to maintain a pension system for all university personnel.

4. The plaintiff in this action, the Retirement Board of the Retirement System for the University of Puerto Rico (the "Retirement Board"), is the current Trustee of the UPR Retirement System Trust.

**b. The Pension Reform**

5. On June 30, 2016, the United States Congress ("Congress") enacted the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") to "stabilize Puerto Rico's economy by establishing oversight of the Government's budget and fiscal policies and by providing a mechanism for the Commonwealth to restructure its debts." Nevares v. Fin. Oversight & Mgmt. (In re Fin. Oversight & Mgmt. Bd.), 330 F. Supp. 3d 685, 689 (D.P.R. 2018).

6. PROMESA established a seven-member Oversight Board for Puerto Rico (the "FOMB"). 48 U.S.C. § 2194(b)(1), (e)(1)(A). "The purpose of the Oversight Board is to provide a method for [Puerto Rico] to achieve fiscal responsibility and access to the capital markets." Id. § 2121(a).

PROMESA created the FOMB as "an entity within the territorial government" of Puerto Rico and tasked it with developing "a method [for Puerto Rico] to achieve fiscal responsibility and access to the capital markets." 48 U.S.C.A. §§ 2121(a), (c)(1).  Nevares, 330 F. Supp. 3d at 689.

7. The FOMB operates as an entity within the Government of Puerto Rico, id. § 2121(c), and is given broad authority over the Commonwealth and any of the instrumentalities that it designates as "covered" instrumentalities, id. § 2121(d)(1). For instance, the FOMB has the authority to develop, review, and approve territorial **and instrumentality fiscal plans and budgets**, id. §§ 2141-2142; to enforce budget and fiscal plan compliance, id. §§ 2143-2144; to seek judicial enforcement of its authority to carry out its responsibilities under PROMESA, id. § 2124(k); and to intervene in any litigation filed against the Commonwealth or its instrumentalities, id. § 2152. The FOMB designated the UPR as a covered entity on October 30, 2016. "List of Initial Covered Entities under the Law," Financial Oversight and Management Board for Puerto Rico (Oct. 30. 2016)."  See. Voya Institutional Trust Co. V. University of Puerto Rico, 266 F. Supp 3d 590, FN 9 (D.P.R. 2017 (Besosa, F).

8. On May 27, 2021, the FOMB certified the Fiscal Plan for the UPR for fiscal Years 2022 to 2026 (the "UPR Fiscal Plan").  As part of the UPR Fiscal Plan, the Board established the need for reforms in the UPR Retirement System and determined:

> PROMESA Section 201(b)(1)(F) requires the 2021 UPR Fiscal Plan to improve fiscal governance, accountability, and internal controls. PROMESA Section 201(b)(1)(C) also requires the 2021 UPR Fiscal Plan to provide for adequate funding of public pension systems. As part of proper governance and accountability, the 2020 UPR Fiscal Plan requires UPR to adequately fund pensions. This requires UPR to recognize its funding constraints and implement pension reform, while correcting the failure of underfunding in the past and alignment of the employer contributions to the current defined benefit plan, as required by the Oversight Board's actuary using a 30-year amortization.

> Since 2017, the different UPR Fiscal Plans certified by the Oversight Board have consistently reiterated the necessity of implementing Pension Reform and provided the UPRRS the actuarially required contribution (see EXHIBIT 38). The latest studies suggest that UPR has an accrued pension liability worth ~$3B, which is $1B above previous estimates. The sole intent of this Fiscal Plan is to ensure

> adequate funding and minimize liability risk to both UPR and its pension plan. *UPR Fiscal Plan, Chapter 4.1, Pension Reform, Section 4.1, pg. 50. (Underline ours).*

9. As part of the UPR Fiscal Plan, the FOMB established two potential paths for the UPR to reform the UPR Retirement Plan:

> "Option 1 – Freeze and move to a Defined Contribution Plan with no reduction in accrued benefits; or
>
> Option 2 – Freeze and move to Defined Contribution Plan coupled with a reduction in accrued benefits." … UPR Fiscal Plan, Chapter 4.1, Pension Reform, Section 4.1, pg. 51-52

10. Furthermore, as part of the Fiscal Year 2023 Budget for UPR, certified by the FOMB on June 30, 2022, during the fiscal year the UPR must adopt pension reform "in which the defined benefit plan is frozen and a defined contribution plan is implemented" or otherwise must find an additional $11.9 million in savings for fiscal year 2023 and would not receive an additional $20 million in funding which are conditioned upon such pension reform milestones. See Exhibit A, UPR Fiscal Year 2023 Certified Budget, Section 12 and Section 17.1.

11. The UPR has moved to implement pension reform in accordance with the UPR Fiscal Plan by establishing a defined contribution plan for new employees with the purpose of closing the defined benefits plan to new participants. **As such, the UPR selected the option that does not reduce the accrued benefits of current participants.**

### c. Plaintiffs' Claims

12. The Civil Action, which was written in Spanish, was filed on May 11, 2023, before the Local Court and did not name the FOMB as a defendant.

13. In the Civil Action, Plaintiffs allege that the UPR Law only allows for the existence of one retirement system for university personnel and therefore the proposed pension reform cannot be implemented under the law because it entails the establishment of a second retirement system. This argument is without merit since the language of the UPR Law does intend to limit the number

-4-

of plans included in the UPR's pension system but rather to require the governing body of the UPR to maintain a pension system for university employees[1]. The Retirement Board further claims that the proposed pension reform is arbitrary and will have a negative impact on the trust funds of the UPR Retirement System.

14. The Retirement Board seeks, among others, declaratory judgment to the effect that the proposed pension reform is arbitrary and illegal and injunctive relief to enjoin the UPR and the Governing Board from implementing the proposed pension reform.

**d. The Civil Action is Subject to Removal to this Court.**

15. The UPR is a covered entity under PROMESA and therefore is subject to the supervision of the FOMB, which has certified the UPR Fiscal Plan and the Fiscal Year 2023 Budget for the UPR.

16. The UPR Fiscal Plan directs the UPR to implement pension reform and the UPR is in the process of implementing one of the options provided by the FOMB.

17. The Fiscal Year 2023 Budget for the UPR, as certified by the FOMB, directs the UPR to adopt pension reform "in which the defined benefit plan is frozen and a defined contribution plan is implemented" during the current fiscal year.

18. The UPR's pension reform implementation, pursuant to the UPR Fiscal Plan and in accordance with the Fiscal Year 2023 Budget for UPR, will be disrupted should Plaintiffs' requested relief be granted. If Plaintiffs' requested declaratory judgment is granted, the UPR pension reform, which was directed by the FOMB, would be deemed illegal. Furthermore, if Plaintiffs' requested injunctive relief were to be granted, the UPR and its Governing Board would be enjoined from implementing the pension reform. This outcome will have severe adverse

---

[1] Pursuant to 18 L.P.R.A. §602 (h) (15), one of the Duties and authorities of the UPR's Governing Board is: "[t]o maintain a medical insurance plan and a pension system for all university personnel, which shall include a loan plan, without impairment to the powers of the Retirement Board"

economic consequences for the UPR under the Fiscal Year 2023 Budget. As a public institution, any adverse effect on the UPR will inevitably translate to an adverse effect on the Commonwealth's Fiscal Plan.

**II.    BASIS FOR REMOVAL**

19. Section 306(a)(2) of PROMESA provides that federal district courts shall have "original but not exclusive jurisdiction of all civil proceedings arising in or related to cases under this title". 48 U.S.C. § 2166(a)(2). Also, Section 106, 48 U.S.C. §2126(a) of PROMESA established that, with the exception of Title III cases and orders to enforce subpoenas, any action "arising out of this Act, in whole or in part, shall be brought in a United States district court for the covered territory".  See. Veya v. Univ of Puerto Rico, 266 F. Supp. 3d 590, 597 (D.P.R. 2017). Venue for removal is proper in the District Court because the Local Court lies within this District. See 48 U.S.C. § 2166(d)(1).

20. The standard applicable to this District was thoroughly discussed and summarized in the following terms:

> The First Circuit has recognized the well-established Pacor standard for determining whether a proceeding is "related to" a bankruptcy case. This standard, first adopted by the Third Circuit in Pacor, Inc. v. Higgins, 743 F.2d 984 (3rd Cir. 1984) and since followed by most Circuit Courts of Appeal, holds that "related to" jurisdiction exists when "the outcome of [the] proceeding could conceivably have any effect on the estate being administered in bankruptcy." Although the proceeding "need not necessarily be against the debtor or against the debtor's property," its "outcome" must be one that "could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively)" and in some way "impact[] . . . the handling and administration of the bankruptcy estate." (Internal citations omitted.) Rivera v. Puerto Rico (In re Fin. Oversight & Mgmt. Bd.), No. 17 BK 4780-LTS; Adv. Proc. No. 18-AP-47-LTS.

21. In Voya, *supra*, the District Court for the District of Puerto Rico referred a removed case to the Title III proceedings because it found that the issues at play regarding the UPR, <u>as a government institution and a "covered" entity under PROMESA</u>, were related to the Title III case. To wit, the District Court held, in pertinent part:

-6-

> The Court is nevertheless satisfied that it does, indeed, possess subject matter jurisdiction pursuant to PROMESA section 306(a)(2) because this action is "related to" the Commonwealth of Puerto Rico's Title III petition. PROMESA section 306 governs jurisdiction in relation to a Title III petition, stating that…
> "Related to" subject matter jurisdiction is present because the disposition of this action may conceivably affect the Commonwealth's Title III case.
>
> […]
>
> What is more, the UPR is an instrumentality of the Commonwealth. Accordingly, it is apparent to the Court that the outcome of this litigation may ultimately have an effect on the assets that form part of the Commonwealth's Title III estate, and could "conceivably have an[] effect" on its Title III petition. (Internal citations omitted.) Voya, at 598-599.

22. Given the facts and the claims raised by Plaintiffs in the Civil Action and the applicable standard for removal, it is clear that the remedy sought can and will have "an effect" on the Title III proceedings in caption and on the Fiscal Plan and the budget approved by the FOMB for the UPR. This effect is sufficient to establish the relation required for removal.

23. The University and the Governing Board will promptly serve a true and correct copy of this Notice of Removal upon counsel for all parties to the Civil Action.

24. The University and the Governing Board will promptly file a true and correct copy of this Notice with the Clerk of the Local Court.

25. A certified translation of the Complaint the Request for Preliminary Injunction filed by Plaintiffs and the Motion to Dismiss Filed by Defendants are attached hereto[2]. Copies of the material process and pleadings are attached in the Spanish Language and certified translations will be filed in a timely manner. Certified translations of any required documents filed in the Civil Action will also be filed with the Court in a timely manner.

**WHEREFORE** it is very respectfully requested that this Honorable Court take notice of the aforementioned and remove the Civil Action.

---

[2] Due to time constraints, exhibits to the Complaint and the request for Preliminary injunction that are written in the Spanish language are yet to be translated.

-7-

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this May 24, 2023.

**I HEREBY CERTIFY** that on this date, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

**NOLLA, PALOU & CASELLAS, LLC**
*Attorneys for the University of Puerto Rico*
PO Box 195287
San Juan, PR 00919-5287
Tel. 787-625-6535
Fax. 787-625-6530

**s/Juan M. Casellas-Rodríguez**
**Juan M. Casellas-Rodríguez**
USDC-PR No. 216701
jmc@npclawyers.com


*Attorneys for co-defendants University of Puerto Rico Governing Board and CPA Ricardo Dalmau-Santana*

**s/Francisco J. González-Magaz**
**FRANCISCO J. GONZÁLEZ-MAGAZ**
USDC No. 223907
OCASIO LAW FIRM, LLC
PO Box 192536
San Juan, PR 00919
Tel: 787.710.7160
gonzalezmagaz@gmail.com