CERTIFIED TRANSLATION

SJ2023CV04406  05/11/2023 05:14:10 pm Entry No. 1 Page 1 of 14

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SUPERIOR COURT OF SAN JUAN

| RETIREMENT SYSTEM OF THE UNIVERSITY OF PUERTO RICO THROUGH THE RETIREMENT BOARD OF THE UNIVERSITY OF PUERTO RICO<br><br>Plaintiff<br><br>vs.<br><br>UNIVERSITY OF PUERTO RICO THROUGH THE BOARD OF GOVERNORS OF THE UNIVERSITY OF PUERTO RICO, CPA RICARDO DALMAU SANTANA, PRESIDENT OF THE BOARD OF GOVERNORS OF THE UNIVERSITY OF PUERTO RICO, ENTITY XYZ<br><br>Defendant | CIVIL NO:<br><br><br><br>MATTER:<br>PRELIMINARY AND PERMANENT INJUNCTION, DECLARATORY JUDGMENT |
|---|---|

COMPLAINT AND REQUEST FOR PERMANENT INJUNCTION AND DECLARATORY JUDGMENT

TO THE HONORABLE COURT:

COMES NOW the above-captioned Plaintiff, through the undersigned legal representative, and very respectfully STATES, ALLEGES AND PRAYS:

## I.   THE PARTIES

1. Plaintiff THE PUERTO RICO UNIVERSITY RETIREMENT SYSTEM ("Retirement System") provides benefits for employees of the UNIVERSITY OF PUERTO RICO against risks of old age, disability, death or termination for the purpose of incentivizing suitable candidates to enter into and remain in employment at the UNIVERSITY OF PUERTO RICO, thus contributing to an efficient administration. Its physical address is 1019 Ave. Ponce de León, San Juan PR 00925. Its mailing address is PO Box 2176, San Juan, PR 00931-1769. Its telephone number is (787) 751-4550.

2. The RETIREMENT BOARD OF THE UNIVERSITY OF PUERTO RICO ("Retirement Board") is an entity created through approval of the Pension Plan for the UNIVERSITY OF PUERTO RICO on November 28, 1950 to represent the participants of the retirement plan. Additionally, starting in 2020, the RETIREMENT BOARD OF THE UNIVERSITY OF PUERTO RICO is the fiduciary entity of the RETIREMENT SYSTEM OF THE UNIVERSITY OF PUERTO RICO.

3. Defendant UNIVERSITY OF PUERTO RICO ("UPR" or "University") is a public corporation with authority to sue and be sued, created through the

*2023-1833*


I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

SJ2023CV04406  05/11/2023 05:14:10 pm Entry No. 1 Page 2 of 14

Retirement System of the UPR et al. v. UPR, et al.
Complaint and Request for Permanent Injunction and Declaratory Judgment                2

University of Puerto Rico Act, Law No. 135 enacted on May 7, 1942, as amended, and represented by its BOARD OF GOVERNORS. The physical address of the Central Administration is Calle Flamboyán, Jardín Botánico Sur, San Juan PR 00926 and its mailing address is 1187 Calle Flamboyán, San Juan PR 00926-1117. Its telephone number is (787) 250-0000.

4. The BOARD OF GOVERNORS OF THE UNIVERSITY OF PUERTO RICO ("Board of Governors") is the governing body that is legally tasked with establishing and implementing the governing policy of the UNIVERSITY OF PUERTO RICO.

5. Defendant CPA RICARDO DALMAU SANTANA, in his official capacity, is the president of the BOARD OF GOVERNORS OF THE UNIVERSITY OF PUERTO RICO.

6. Defendant ENTITY XYZ was appointed to administer the new retirement system of the UNIVERSITY OF PUERTO RICO.

7. Defendant, its employees and representatives are legal and natural persons with capacity to sue and be sued who have to comply by law with the obligations, responsibilities, and ministerial duties of their position and governmental duties.

## II. FACTS RELEVANT TO THE CASE

8. The Retirement Board has standing to file this action in accordance with the Final Judgment issued by the CFI in the case of SJ20 17CV02589. Said Judgment provided the following in pages 15-16:

> First of all, this Court concludes that plaintiff, Retirement Board has standing in accordance with Art. 38 of the Trustee Act. In accordance with the law, the trustee or his or her legal representatives can file in court [a request for] the appropriate remedy. Additionally, the Retirement Board from the start has been comprised of representatives of the participants in the retirement plan and the Deed of Trust clearly states that this entity shall represent the participants and retirees even if it is directly responsible to the Board of Governors.

9. In accordance with the Judgment Issued by the Court of Appeals on September 30, 2020, in the case of KLAN201900304 cons. KCLE201900366, ¶ 12- 19, the following facts have been adjudicated in a final manner, and are not subject to appeal. Therefore they are not disputed.

10. The UPR is an entity of higher education created through the University of Puerto Rico Act, Law No. 135 enacted on May 7, 1942 ("UPR Act"). See Exhibit 1: Judgment of the Court of Appeals KLAN201900304 cons. KCLE201900366, p. 3.

11. Furthermore, UPR is not a Title II debtor under the PROMESA Act, therefore this case does not deal with issues of federal jurisdiction. See, for example, APPU v. UPR (In re Fin.

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

SJ2023CV04406  05/11/2023 05:14:10 pm Entry No. 1 Page 3 of 14

Retirement System of the UPR et al. v. UPR, et al.
Complaint and Request for Permanent Injunction and Declaratory Judgment                                3

Oversight & Mgmt. Bd.), 60 F.4th 9, 16 (1st Cir. 2023)(holding that there is no independent federal jurisdiction over lawsuits against the Board of Governors of UPR).

12.     On November 28, 1950, the Pension Plan was created, and in turn, the Retirement Board was established. Furthermore, the Superior Council of Teaching of the UPR was established as trustee. In accordance therewith, the Retirement Board was in charge of administering the Retirement System in accordance with the rules established by the trustee. See Exhibit 1: Court of Appeals Decision KLAN201900304 cons. KCLE20J900366, p. 3.

13.     Subsequently, on January 20, 1966, the UPR Act was amended in order to establish it [sic] as a public corporation. Additionally, the amendment forced the UPR to "maintain a medical insurance plan and **a pension system for all university personnel, which would include a loan plan.**" 18 LPRA sec. 602(e)(l5)(emphasis added). See, also, Law No. 1 enacted on January 20, 1966; Exhibit 1: Court of Appeals Decision KLAN201900304 cons. KCLE201900366, pp. 3-4.

14.     In accordance therewith, on July 1, 1973, the Higher Education Council enacted Certification No. 27 (1973-74) ("Certification 27"), through which it established the Retirement System Regulations. See Exhibit 2: Certification No. 27. The purpose of the Retirement System offering the benefits described in the Retirement System Regulations was to "encourage qualified persons to join and remain in employment at the University, thus contributing to efficient administration." See Exhibit 2: Certification No. 27 (from translation of the original). In accordance with the Retirement System Regulations, the responsibility of the UPR was to provide to the Retirement Board the necessary written information for effective operation of the system and make payment of contributions necessary to sustain the Retirement System. See Exhibit 2: Certification No. 27; Exhibit 1: Court of Appeals Decision KLAN201900304 cons. KCLE201900366, p. 4.

15.     Starting in 1989, the powers of the Retirement Board were limited to that of advising and providing recommendations as to the administration of the Retirement System and the fiduciary duty was assigned to another entity, which was reiterated by Board of Trustees on June 12, 1997, through Certification No. 137 (1996-97) ("Certification 137"). See Exhibit 3: Certification No. 137; Exhibit 1: Court of Appeals Decision KLAN201900304 cons. KCLE201900366, p. 4.

16.     In Law No. 13-2013 ("Ley 13"), the UPR Act was amended to eliminate the Board of Trustees and establish the Board of Governors to operate through today. Law 13 established,

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

Case:23-06038-ESL Doc#:1-2 Filed:06/14/23 Entered:06/15/23 12:30:04 Desc:
Appendix Complaint (certified translation) Dkt 1 Page 4 of 14

CERTIFIED TRANSLATION

SJ2023CV04406  05/11/2023 05:14:10 pm Entry No. 1 Page 4 of 14

Retirement System of the UPR et al. v. UPR, et al.
Complaint and Request for Permanent Injunction and Declaratory Judgment                4

as part of the duties of the Board of Governors, "maintaining a medical insurance plan and a **pension system for all university personnel,** which would include the loan plan without interfering with the powers of the Retirement Board." See Exhibit 4: Law 13 (emphasis added); 18 LPRA § 602(H)(15; Exhibit 1: Court of Appeals Decision KLAN201900304 cons. KCLE201900366, p. 5.

17. On June 29, 2016, the Board of Governors signed Public Deed Number 59 to Ratify and Acknowledge the Trust ("Deed of Trust") in the presence of notary Alberto Luis Toro Suárez. In it, the UPR was appointed, through its Board of Governors, as trustee with the authority to administer and govern the pension plan and the trust fund, in accordance with Certification 27. Similarly, it established the responsibility of the Board of Governors as to contributions to the trust fund, and the investment thereof. Additionally, it acknowledged the authority of the Board of Governors to delegate duties and powers to the Retirement Board. See Exhibit 5: Deed of Trust. As to the Retirement Board, the Deed of Trust established that it would represent the participants and retirees. Furthermore, it was required to collaborate with the Board of Governors to maintain the Retirement System. The Retirement System Trust ("Trust") is a fund of the Retirement System Assets which are independent from the assets of the UPR. See Exhibit 5: Deed of Trust; Exhibit 1: Court of Appeals Decision KLAN201900304 cons. KCLE201900366, pp. 6- 7.

18. After a series of disputes between the Board of Governors and the Retirement Board, on November 5, 2018, the latter filed a request for temporary and permanent injunction before the Court of First Instance and requested that the Board of Governors be removed as trustee of the Trust, in accordance with the terms of the Deed of Trust. This lawsuit argued that the Board of Governors did not protect the interests of the trustees and beneficiaries of the Retirement System. Even though this petition was denied in the Court of First Instance, the Court of Appeals, in a decision issued on September 30, 2020, decided that the Board of Governors breached its fiduciary duty with regards to the Retirement System and appointed the Retirement Board as a substitute trustee. This judgment is final and not subject to appeal. See Exhibit 1: Court of Appeals Decision KLAN201900304 cons. KCLE201900366.

19. Nevertheless, on September 9, 2022, the Board of Governors breached its duty to implement the transition of fiduciary duties as ordered by the

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

Case:23-00638-EST Doc#:1-2 Filed:05/24/23 Entered:05/24/23 15:30:04 Desc:
Appendix Complaint (certified translation) Dkt 1 Page 5 of 14

CERTIFIED TRANSLATION

SJ2023CV04406  05/11/2023 05:14:10 pm Entry No. 1 Page 5 of 14

Retirement System of the UPR et al. v. UPR, et al.
Complaint and Request for Permanent Injunction and Declaratory Judgment                    5

Court of Appeals and subsequently agreed before the Court of First Instance. See Exhibit 6: Minutes of the Court of First Instance, SJ2018CV09660; Exhibit 7: Retirement Board Letter to Board of Governors (2022-9-9).

20.     According to the UPR Act, as a threshold matter, there can only be one Retirement System for all UPR personnel. 18 LPRA § 602(H)(15).

21.     As of April 30, 2021, the Retirement System had 9,331 retirees and 8,740 active participants. This reflects a drastic reduction in the number of participants in contrast to retirees. See Exhibit 8: Board of Governors Draft Bill Memo 119 (2021-9-8).

22.     In accordance with the Retirement System Regulations, any member is eligible for retirement with pension if he or she has completed thirty (30) years of service; (b) has turned fifty-eight (58) and completed ten (10) years of service; or (c) has turned fifty-five (55) and completed twenty-five (25) years of service. See Exhibit 2: Certification No. 27.

23.     The Retirement System is a defined benefit system. As such, the pensioner's annual payment would be defined by the percentage of his or her average compensation, with a monthly minimum pension. See Exhibit 2: Certification No. 27.

24.     The employer's contribution made by UPR to the Retirement System is calculated on a payroll percentage basis. Due to the reduction of employees in recent years, both the employer's contribution and the individual contribution has decreased. See Exhibit 8: Board of Governors Draft Bill Memo 119 (2021-9-8).

25.     Historically, UPR made contributions to the Retirement System at its discretion, without complying with the contributions recommended by actuaries. This breach was consistent, which generated a significant actuarial debt. However, it wasn't until 2015 that this information was published as a result of new requirements of actuarial rules (GASB 67/68) and the establishment of a payment plan for the actuarial debt. This payment plan was in addition to the annual contribution required by the Retirement System. See Exhibit 9: Certification No. 146 (2014-2015).

26.     The most recent budgets of UPR have demonstrated a substantial reduction in contributions to the Retirement System. Specifically, the UPR budget for the 2022-23 fiscal year contemplates a reduction of $8 million in the contribution to the Retirement System. See Exhibit 10: Faculty Representation Report as to Ordinary Meeting August


I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

SJ2023CV04406  05/11/2023 05:14:10 pm Entry No. 1 Page 6 of 14

Retirement System of the UPR et al. v. UPR, et al.
Complaint and Request for Permanent Injunction and Declaratory Judgment                                                                 6

25, 2022 Board of Governors; Exhibit 11: 2021-22 UPR Budget; Exhibit 12: 2022-23 UPR Budget.

27.    The Board of Governors, through Certification No. 77 (2020-21) ("Certification 77"), approved the creation and implementation of a second defined contribution retirement plan for active members of the Retirement System who are not vested, that is, members with less than ten (10) years of service and new members. That is, active members of the Retirement System with less than ten (10) years of service shall be transferred to this new system of defined contribution. This constitutes 12% of the participants of the Retirement System. See Exhibit 13: Certification No. 77 on pp. 50-51. Under this second defined contribution retirement system, members would contribute 8.5% of their salary and UPR would make a matching contribution of 4.25%. See Exhibit 14: Retirement Board Consultation- Impact of Defined Contribution Plan and Breach of UPR Contributions. Subsequently, this was amended so that it would only apply to new employees through Certification 52 (2022-23)("Certification 52"). See Exhibit 15: Certification No. 52.

28.    Furthermore, the current defined benefit Retirement System shall be kept in parallel only for current and retired employees. Currently, the new system is scheduled to start on May 1, 2023. See Exhibit 15: Certification No. 52. Therefore, from that date on there would be two retirement systems in UPR.

29.    In accordance with the above, the threshold matter is that the UPR Act, which authorizes the Retirement System and lists the powers of the Government Board only provides for the existence of one retirement system for all university personnel. See 18 LPRA § 602(H)(15).

30.    Taking into account the matching contribution that UPR shall make to the defined contribution plan, UPR's contribution to the pensions of its employees increases to $5 million in the first year after implementation of the second retirement system. For fiscal year 2040, this combined contribution of UPR to the two parallel systems would be approximately $30 million more than the contribution to the current Retirement System. In a period of twenty (20) years, this accrued cost would be $342 million more than the current Retirement System. This second retirement system would aggravate the economic situation of the UPR. See Exhibit 16: Memorandum as to Comments with Regards to the Defined Contribution Plan Approved by the Board of Governors of the University of Puerto Rico (UPR).


    I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

Case:23-06838-27Sc-D10625-2 Document 1-2 Filed 05/24/23 Filed 06/15/23 Page 7 of 14 Desc:
Appendix Complaint (certified translation) Dkt 1    Page 7 of 14
CERTIFIED TRANSLATION

SJ2023CV04406  05/11/2023 05:14:10 pm Entry No. 1 Page 7 of 14

Retirement System of the UPR et al. v. UPR, et al.
Complaint and Request for Permanent Injunction and Declaratory Judgment                7

31.     In light of the above, if the UPR continues breaching its employer's contribution to the Retirement System, as calculated and recommended by the actuary, it would jeopardize the solvency of the Retirement System. See Exhibit 14: Retirement Board Consultation- Impact of Defined Contribution Plan and Breach of UPR Contributions. To that effect, the UPR budget demonstrates that the Board of Governors has the intention of continuing its breach, to the extent that it seeks to withhold close to $8 million of that money. See, also, Exhibit 11: 2021-22 UPR budget; Exhibit 12: 2022-23 UPR Budget. The risk to the Retirement System is imminent in light of the accrued and operational deficit reflected by the last financial statement of the UPR, which also contains information as to the auditors' doubts as to whether UPR can continue operating. See Exhibit 17: Financial Statement of the University of Puerto Rico 2022 on p. 2. However, the financial statements of the Retirement System reflect that it is not in a similar condition, and in effect, it is currently and is projected to be solvent under current conditions. See Exhibit 18: Financial Statement of the Retirement System in p. 8.

32.     Furthermore, the decision to eliminate pension benefits affects the capacity of UPR to recruit personnel and reduces the competitiveness of the institution. See Exhibit 16: Memorandum as to Comments with Regards to Defined Contribution Plan Enacted by the Board of Governors of the University of Puerto Rico (UPR); Exhibit 47 Consultation Retirement Board- Impact of Defined Contributions Plan and Breach of Contributions by UPR. This reduction in work competitiveness in turn affects its academic competitiveness and, consequently, threatens its sustainability as an institution. This harm would be irreparable.

33.     As a result of the changes that the Board of Governors proposes to implement, the participants in the Retirement System and current pensioners would be at risk of losing future benefits due to the probable insolvency of the Retirement System as a result of the creation of a second retirement system. This harm would be irreparable.

34.     Lastly, implementation of a second retirement system in the manner proposed by the Board of Governors interferes with and prevents performance by the Retirement Board of its fiduciary duties by creating illegal and unnecessary risks to the solvency of the Retirement System. This harm would be irreparable.

35.     In turn, the Retirement System has consistently opposed changes proposed by the Government Board, and has exhausted all options to stop it. All of these steps have been


I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

Case:23-00633-LTS Doc#:1-2 Filed:05/24/23 Entered:05/24/23 18:30:04 Desc: Appendix Complaint (certified translation) Dkt 1 Page 8 of 14

CERTIFIED TRANSLATION

SJ2023CV04406  05/11/2023 05:14:10 pm Entry No. 1 Page 8 of 14

Retirement System of the UPR et al. v. UPR, et al.
Complaint and Request for Permanent Injunction and Declaratory Judgment                               8

unsuccessful and there is no other remedy in law to enforce said rights. See Exhibit 19: Press Release (2022-6-5); Exhibit 20: Extrajudicial Letter: Request to Cease Implementation of the New Retirement System from March 1, 2023;[1] Exhibit 22: Second Notice, Extrajudicial Letter: Request to Cease Implementation of a New Retirement System Plan from April 12, 2023.

36.     The illegal and arbitrary actions from Defendant are the direct cause of the irreparable and imminent harm of Plaintiff.

### III.     LEGAL DISCUSSION

#### A. DECLARATORY JUDGMENT IS APPROPRIATE AS TO THE ILLEGALITY OF THE PROPOSAL TO CHANGE THE RETIREMENT SYSTEM

37.     Rule 59 of Civil Procedure regulates the declaratory judgment. Through this mechanism, the Court can "declare rights, status and other legal relations even if other [requests for] remedies are filed or may be filed." 32 LPRA Ap. V, R. 59.1. '"[I]t is remedial and prophylactic relief that allows one to move up considering the merits of any claim before courts, as long as there is a potential danger against the party requesting it. Alcalde de Guayama v. ELA, 192 DPR 329, 333 (2015)(citation omitted). A complaint to that effect must allege "the steps taken outside of the court and the parties' opposing interests." J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, (L. Abraham y P. Abraham, eds.), 2nd ed., San Juan, Pubs. JTS, 2011, T. V, p. 1790 (citations omitted).

38.     Under this mechanism, Plaintiff requests that this Honorable Court issue a declaratory judgment as to the illegality of the proposal to change the Retirement System of the Board of Governors.

39.     The Retirement System, in turn, was established through the Rules and Regulations of the University of Puerto Rico Retirement System As Amended Effective Ju/y 1, 1973 ("Retirement System Regulations"), through Certification 27. See Exhibit 2: Certification No. 27. The Retirement System Regulations establish that, among other definitions, the definition of a member of the Retirement System is such person who was a member before July 1973 and such person who after July 1973 is an employee of the UPR, subject to limited exceptions. See Exhibit 2: Certification No. 27, on p. 12. Additionally, it establishes the method

---

[1] The Board of Governors answered that first letter, but never arranged for the meeting, and therefore, a second notice was sent. See Exhibit 21: Answer to Request to Cease Implementing a New Retirement System Plan from March 8, 2023.

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

Case:23-00638-LTS Doc#:1-2 Filed:05/24/23 Entered:05/24/23 13:30:04   Desc:
Appendix Complaint (certified translation) Dkt 1   Page 9 of 14

CERTIFIED TRANSLATION

SJ2023CV04406  05/11/2023 05:14:10 pm Entry No. 1 Page 9 of 14

Retirement System of the UPR et al. v. UPR, et al.
Complaint and Request for Permanent Injunction and Declaratory Judgment                                                                 9

to prove service; eligibility criteria; amount of defined benefit, including minimum benefit; definition of vested; benefits for disability and death; etc. See Exhibit 2: Certification No. 27.

40.     Furthermore, in accordance with the UPR Act, the Board of Governors is required to maintain **one single Retirement System** for all employees of UPR. Therefore, it is also not legally appropriate to create a second parallel retirement system with rules that are independent to and contradictory of those of the current Retirement System. This would affect the solvency of the current Retirement System, would interfere with the fiduciary duties of Plaintiff and would negatively impact the competitiveness of UPR. To that end, this Court should issue a declaratory judgment holding that the action proposed by UPR is illegal.

B. A PERMANENT INJUNCTION IS APPROPRIATE TO STOP CHANGES TO UPR'S RETIREMENT SYSTEM IS APPROPRIATE

41.     Injunctions are governed by Rule 57 of Civil Procedure, 32 LPRA Ap. V, R. 57, and the Civil Trial Act. They are "judicial orders issued in writing, under the seal of the court, which require a person to abstain from doing or allowing others under their intervention from doing something that infringes or undermines the right of another party." 32 LPRA § 3421. The purpose is to "prohibit or order the performance of an act to avoid imminent or irreparable harm from being caused on some person, when there is no other adequate legal remedy." Mun. Fajardo v. Srio. Justicia et al., 187 DPR 245, 255 (2012)(citation omitted).

42.     That is to say, the moving party shall demonstrate that, if it is not granted, it would suffer irreparable harm." VDE Corporation v. F & R Contractors, 180 DPR 21, 40 (2010)(citations omitted). In order to establish irreparable harm, it should be a situation in which "monetary compensation would not provide an adequate remedy." R. Hernández Colón, Práctica Jurídica de Puerto Rico: Derecho procesal civil, 6th ed., San Juan, 2017, sec. 5705, p. 592.

i.     The proposed reform of the Retirement System is contrary to the law and the fiduciary duties of the Retirement Board.

43.     As previously discussed, the proposed reform of the Retirement System violates the university rules that the Board of Governors must obey and implement under the UPR Act. See 18 LPRA § 602(H). Furthermore, it negatively affects the trust and activates the fiduciary duty of the Retirement Board, as determined by the Court of Appeals. See Exhibit

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

Case:23-03003-LTS-23-cv-01261-DOC Document 5-2 Filed 06/15/23 Entered 06/15/23 13:30:04    Desc:
Appendix Complaint (certified translation) Dkt 1    Page 10 of 14

CERTIFIED TRANSLATION

SJ2023CV04406  05/11/2023 05:14:10 pm Entry No. 1 Page 10 of 14

Retirement System of the UPR et al. v. UPR, et al.
Complaint and Request for Permanent Injunction and Declaratory Judgment                                           10

1: Court of Appeals Decision KLAN201900304 cons. KCLEl0/900366. The reason is because it creates illegal and unnecessary threats to the solvency of the Retirement System and risks affecting the competitiveness of the UPR.

    ii. The proposed reform to the Retirement System is arbitrary, capricious and causes irreparable harm.

44. According to the actuarial reports on the subject, the creation of a retirement system in parallel to the current one would cost the UPR more than maintaining the Retirement System that is currently protected by the UPR Act. Therefore, it risks affecting the UPR's capacity to pay employer contributions to the Retirement System, which are necessary for its solvency and payment of current pensions.

45. If we take into account the matching contribution that UPR would make to the second defined contribution retirement system, UPR's contribution to the pensions of its employees increases to $5 million the first year after its implementation. For fiscal year 2040, UPR's combined contribution to the parallel systems would be approximately $30 million more than the contribution to the current Retirement System. In a period of twenty (20) years, this accrued cost would be $342 million more than the current Retirement System. See Exhibit 16: Memorandum regarding Comments as to the Defined Contribution Plan Approved by the Board of Governors of the University of Puerto Rico (UPR).

46. In light of this situation, if the UPR continues breaching its employer's contribution to the Retirement System as calculated and recommended by the actuary when deviating funds to a new retirement system it would jeopardize Plaintiff's solvency. See Exhibit 14: Consultation Retirement Board - Impact of Defined Contribution Plan and Breach of Contributions by UPR.

47. Furthermore, the implementation of a defined contribution plan would only reduce the unresolved actuarial obligation by a minimum percentage of a mere 1%. This purpose of reducing the actuarial debt is insignificant and irrelevant in light of the current situation of the Retirement System, in which no insolvency is projected. See Exhibit 16: Memorandum regarding Comments as to the Defined Contribution Plan Approved by the Board of Governors of the University of Puerto Rico (UPR); Exhibit 18: Financial Statement of the Retirement System on p. 8.



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

Case:23-03003-LTS Doc#:261-2 Filed:05/24/25 Entered:05/05/24/23 13:30:14 Desc:
Appendix Complaint (certified translation) Dkt 1 Page 11 of 14

CERTIFIED TRANSLATION

SJ2023CV04406  05/11/2023 05:14:10 pm Entry No. 1 Page 11 of 14

Retirement System of the UPR et al. v. UPR, et al.
Complaint and Request for Permanent Injunction and Declaratory Judgment                 11

48.     Furthermore, the decision to eliminate pension benefits affects the ability of UPR to recruit personnel and reduces the competitiveness of the institution. See Exhibit 16: Memorandum regarding Comments as to the Defined Contribution Plan Approved by the Board of Governors of the University of Puerto Rico (UPR); Exhibit 14: Consultation Retirement Board - Impact of Defined Contribution Plan and Breach of Contributions by UPR. This reduction in labor competitiveness in turn affects its academic competitiveness and therefore, threatens its sustainability as an institution. This contradicts the foundational purpose of the Retirement System in accordance with its regulations. See Exhibit 2: Certification 27.

49.     In accordance with the above, the implementation of the proposed reform to the Retirement System would cause its insolvency which would constitute imminent and irreparable harm. See Exhibit 13: Certification No. 77; Exhibit 15: Certification No. 52.

50.     Therefore, the reform threatens payment of pensions of retirees of the Retirement System. In turn, it affects the rights of participants of the Retirement System whose future benefits are similarly threatened.

51.     Lastly, the reform is counterproductive for UPR, as it would require a greater employer's contribution, increasing its operational costs and limiting its capacity to make contributions to the Retirement System. Furthermore, it reduces the UPR's recruitment ability and quality offer.

### IV.    CAUSES OF ACTION
#### A.    DECLARATORY JUDGMENT

52.     Allegations 1 – 51 are incorporated by reference.

53.     With a declaratory judgment, this Court can "declare rights, status and other legal relations even if other [requests for] remedies are filed or may be filed." 32 LPRA Ap. V, R. 59.1.

54.     The proposed reform to the Retirement System is scheduled for May 1, 2023.

55.     The proposed reform to the Retirement System is illegal and arbitrary.

56.     This Honorable Court should issue a declaratory judgment establishing that the proposed reform to the Retirement System is arbitrary and illegal.

#### B.    PERMANENT INJUNCTION

57.     Allegations 1 – 56 are incorporated by reference.



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

SJ2023CV04406  05/11/2023 05:14:10 pm Entry No. 1 Page 12 of 14

Retirement System of the UPR et al. v. UPR, et al.
Complaint and Request for Permanent Injunction and Declaratory Judgment                                                        12

58.    A permanent injunction is issued to require that a person "abstain from doing or allowing others under their intervention from doing something that infringes or undermines the right of another party." 32 LPRA §3421.

59.    The proposed reform to the Retirement System is scheduled for May 1, 2023.

60.    The proposed reform to the Retirement System is illegal and arbitrary.

61.    The proposed reform to the Retirement System would cause irreparable harm to Plaintiff.

62.    There is no other remedy available to prevent the irreparable harm that the proposed Retirement System reform would cause.

63.    This Honorable Court should issue a permanent injunction ordering UPR and the Board of Governors to refrain from implementing the proposed reform to the Retirement System.

V.    PRAYER

WHEREFORE, we very respectfully request from this Honorable Court that it rule IN FAVOR of Plaintiff in this Complaint and Request for Permanent Injunction and Declaratory Judgment and issue an order of:

(1)    Declaratory Judgment establishing that the proposed reform to the Retirement System is illegal and arbitrary.

(2)    Permanent injunction ordering defendant to cease taking steps to implement the proposed reform of the Retirement System.

(3)    Permanent injunction ordering UPR and the Board of Governors to refrain from implementing the proposed reform of the Retirement System.

(4)    Imposition of a reasonable sum for costs and attorney's fees.

(5)    Any other remedy that is legally appropriate to guarantee compliance with the orders of the Court and protection of Plaintiff's rights.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on May 11, 2023.


[Signatures on the following page]



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

Case:23-03003-EAG Doc#:24-1 Filed:05/24/23 Entered:05/24/23 13:30:04 Desc:
Appendix Complaint (certified translation) Dkt 1 Page 13 of 14

CERTIFIED TRANSLATION

SJ2023CV04406  05/11/2023 05:14:10 pm Entry No. 1 Page 13 of 14

Retirement System of the UPR et al. v. UPR, et al.
Complaint and Request for Permanent Injunction and Declaratory Judgment     13

[logo Bufete Emmanuelli C.S.P.]
472 Ave. Tito Castro
Edificio Marvesa, Suite 106
Ponce, Puerto Rico 00716
Tel: (787) 848-0666
Fax: (787) 841-1435
notiftcaciones@bufete-emmanuell i.com

s/Rolando Emmanuelli Jiménez
Mr. Rolando Emmanuelli Jiménez, Esq.
RUA: 8509 CA: 9755
rolando@emmanuelli.law

s/Jessica E. Méndez Colberg
Ms. Jessica E. Méndez Colberg, Esq.
RUA: 19,853 CA: 19,774
jessica@emmanuelli.law

s/Zoé C. Negrón Comas
Ms. Zoé C. Negrón Comas , Esq.
RUA: 22,276 CA: 20935
zoe@emmanuelli.law

s/ Rafael Maldonado Pérez
Mr. Rafael Maldonado Pérez, Esq.
RUA:15717
PO Box 194669
San Juan, PR 00919
Tel. (787) 553-8293
Fax (787) 765-3043
Rmaldonadolaw@gmail.com



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

Case:23-03003-23-cv-01326-1-Document5/24/25iledEnter6/05/24Page1430of104 Desc:
Appendix Complaint (certified translation) Dkt 1   Page 14 of 14
CERTIFIED TRANSLATION

SJ2023CV04406  05/11/2023 05:14:10 pm Entry No. 1 Page 14 of 14

OATH

I, LUIS A. VICENTY SANTINI, of legal age, single, an employed and residing in Aibonito, Puerto Rico, as president of the Retirement Board of the University of Puerto Rico, under oath DECLARE as follows:

1. My name and personal information is stated above.
2. I am the president of the Retirement Board of the University of Puerto Rico.
3. I have read each and every one of the facts alleged in the preceding Complaint, and they are true, as I know from personal knowledge.

IN WITNESS WHEREOF, I swear and sign this document in San Juan, Puerto Rico, today May __9__, 2023.

[signature]
LUIS A. VICENTY SANTINI

AFFIDAVIT NO: ____2847____

Sworn and signed before me by LUIS A. VICENTY SANTINI, of the personal information indicated, who I certify that I know personally. In San Juan, Puerto Rico, today, May __9__, 2023.

[signature]
NOTARY PUBLIC

[Notary's seal and stamps]

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.