Case: SJ2023CV04406 22/05/2023 05:03:56 pm Entrada Núm. 12 Página 1 de 7
Case:23-00083-LTS Doc#:16-4 Filed:06/22/23 Entered:06/22/23 15:26:00 Desc:
Appendix Exhibit 1 to Motion to Dismiss Dkt 12-1 Page 1 of 7

**Exhibit I**

**Financial Oversight and Management Board for Puerto Rico**

**First Meeting of the Board**

**September 30, 2016**

**Alexander Hamilton US Custom House, New York City**

<u>**Minutes**</u>

**Opening and Introductions**

At 8:30 a.m., José R. González introduced himself as a Member of the Financial Oversight and Management Board for Puerto Rico ("Board"), stated that he had been asked by the other Members to open the meeting and welcomed all persons present to the first meeting of the Board.

Mr. González stated that meeting documents are generally available in Spanish and English at the Board's website and that the meeting was being transmitted live through the Board's website.

At 8:32 a.m., Mr. González conducted a roll call of the other members of the Board:

- Andrew G. Biggs
- José B. Carrión III
- Carlos M. García
- Arthur J. González
- Ana J. Matosantos
- David A. Skeel, Jr.

Each answered that he or she was present. Mr. González determined that a quorum was present.

Mr. González asked Board member David Skeel at to act as Secretary for this meeting. Mr. Skeel agreed.

Mr. González introduced Richard Ravitch, ex officio member of the Board and representative of the Governor of Puerto Rico.

Mr. González described the Board as having been established under the Puerto Rico Oversight, Management and Economic Stability Act (PROMESA) to help address Puerto Rico's financial crisis. He stated that the agenda has six items, five of which require formal Board approval.

### Agenda Items

**1. The Election of the Board's Chairperson.**

At 8:33 a.m., Mr. González stated that the Board's first order of business was to elect a chair, as required by section 101(e)(4) of PROMESA, and asked for nominations. Ana Matosantos nominated José Carrión. Andrew Biggs seconded the motion. Mr. González then asked for a show of hands in favor and then opposed. All seven Board members voted in favor. Mr. González announced that Mr. Carrión had been elected chair, congratulated him and turned the meeting over to him.

**2. Adoption of Board Bylaws**

At 8:35, Mr. Carrión introduced the next order of business, adopting Bylaws for the Board, and noted that the members had previously been provided with copies of the proposed Bylaws. Arthur González stated that the Board is acutely aware of the importance of transparency and consensus, and that the bylaws attempt to contribute to this goal. Mr. Skeel gave a brief overview of the bylaws, stating that they are designed to be consistent with PROMESA and that several of the key provisions clarify or increase the voting requirements set forth in the Act, requiring the affirmative votes of no less than four members for most formal decisions, and the affirmative votes of no less than five members (the Chair and four other members) for the selection of an Executive Director and a General Counsel.

Judge González moved that the Bylaws be approved, and Carlos García seconded the motion. Mr. Carrión asked for a vote by a show of hands – first of those in favor – then of those opposed. All seven members voted in favor of the motion, and Mr. Carrión announced that the Bylaws had been approved.

**3. Request of a Fiscal Plan and Other Information from the Governor of Puerto Rico**

At 8:39 a.m., Mr. Carrión stated that one of the duties of the Board [section 210 (a)] is to provide a schedule to the Governor of Puerto Rico for the process of development, submission, approval and certification of Fiscal Plans for the Government of Puerto Rico and for covered territorial instrumentalities and to consult with the Governor in establishing the schedule. Mr. Carrión further stated

2

Case:23-03583-LTS Doc:26-4 Document 06224 23 Filed 03/15/24 Pages 3 of 7 Desc:
Appendix Exhibit 1 to Motion to Dismiss Dkt 12-1   Page 3 of 7

SJ2023CV04406 22/05/2023 05:03:56 pm Entrada Núm. 12 Página 3 de 7

that to prepare to provide that schedule, in the spirit of cooperation, and to obtain information necessary to the Board's work, the Board should request the following initial information from the Commonwealth of Puerto Rico's Central Government:

1- Weekly cash flow report, including all revenues received and all expenses paid (including any debt service) and broken down by main categories.
2- Monthly downloads of bank account data and statements of all principal banking accounts (provided directly to the Board by each bank).
3- Monthly and year to date report of compliance with the current approved budget by budgetary fund and by agency (including local special funds and federal funds).
4- Monthly and year to date detailed report on revenues and a narrative about collection efforts and main initiatives of the Puerto Rico Treasury Department.
5- Monthly detailed payroll report by agency.
6- Monthly reports on federal funds received and disbursed by area and by agency.
7- Monthly report of all debt obligations due this current fiscal year and which have been paid.
8- Quarterly report on each agency's productivity and performance with appropriate metrics and a narrative description.
9- Quarterly report on key Puerto Rico economic, financial, social and labor statistics.

After brief discussion, Mr. Carrión moved that: "in connection with the Board's responsibilities under PROMESA with respect to Fiscal Plans, the Board request of the Governor of Puerto Rico to provide: (1) the Board with the Fiscal Plan for the Commonwealth of Puerto Rico by no later than October 14, 2016; (2) for the Governor or his representatives to present such Fiscal Plan at the next Board Meeting in October; and (3) for the Governor to provide the information previously listed (as modified by the Board from time to time), initially as of September 30, 2016 with a delivery date of the end of October, or at such other time agreed with the Board, and thereafter with the periodicity requested by the Board."

Mr. González seconded the motion.  Mr. Carrión asked for a vote by a show of hands – first of those in favor – then of those opposed.  All seven members voted in favor of the motion, and Mr. Carrión announced that the motion had passed.


**4. Establish a Process for the Search of the Board's Executive Director and Certain Key Personnel.**

At 8:44 a.m., Mr. Carrión stated that he would like to begin the process of hiring the Board's Executive Director and other key board staff.  Mr. Carrión noted that PROMESA [section 103] requires that the Board appoint an Executive Director, whose role is defined in the Bylaws; that PROMESA also establishes [section 502],

Case:23-03585-LTS Doc#:16-4 Document:06224-23 Filed:05/24/24 Pages:4 of 00 Desc:
Appendix Exhibit 1 to Motion to Dismiss Dkt 12-1 Page 4 of 7

SJ2023CV04406 22/05/2023 05:03:56 pm Entrada Núm. 12 Página 4 de 7

under the Board, the position of Revitalization Coordinator who will be a central figure in the development of infrastructure revitalization projects, and who is appointed by the Governor from a list of at least three nominees to be submitted by the Board by October 30, 2016; and that the Bylaws require that the Board have a General Counsel who shall be the chief legal officer of the Board and have such other duties as may be assigned by the Board and Executive Director. Mr. Carrión further noted the commitment of the Board to carrying out its duties under PROMESA as expeditiously as possible.

Given the importance of this matter and the deadline involved, Mr. Carrión asked the Broad to authorize him to engage an executive search firm to identify qualified candidates for key executive positions, including, but not limited to, the Executive Director, Revitalization Coordinator and General Counsel. He also asked the Board to create a committee of the Board for these executive searches composed of himself and three other Board Members (Mr. García, Mr. González and Ms. Matosantos) to identify an appropriate firm or firms, and conduct a search process for these positions.

Mr. Biggs moved that the Chair be authorized to engage an executive search firm and that the committee be created for the purposes of the search. Judge González seconded the motion. Mr. Carrión asked for a vote by a show of hands – first of those in favor – then of those opposed. All seven members voted in favor of the motion, and Mr. Carrión announced that the motion had passed.

**5. Other Administrative Matters**

At 8:49 a.m., Mr. Carrión stated that until the executive director is recruited, it is important for the Board to be able to contract for services needed to organize, support and carry out the responsibilities required of the Board, open bank accounts, sign leases, sign contracts, implement reimbursement policies and conduct any other official business of the Board.

Ms. Matosantos moved that the Chair be granted the power to contract for services needed to organize, support and carry the responsibilities required of the Board, retain professional assistance, including legal counsel, as needed to address matters requiring immediate attention, open bank accounts, sign leases, sign contracts, implement reimbursement policies and conduct any other official business of the Board. Mr. Skeel seconded the motion. Mr. Carrión asked for a vote by a show of hands – first of those in favor – then of those opposed. All seven members voted in favor of the motion, and Mr. Carrión announced that the motion had passed.

At 8:51 a.m., Mr. González left the meeting and was not present for the remainder of the meeting.

Case:23-03683-LTS Doc#:16-4 Filed:06/24/23 Entered:06/24/23 17:35:30 Desc:
Appendix Exhibit 1 to Motion to Dismiss Dkt 12-1   Page 5 of 7

SJ2023CV04406 22/05/2023 05:03:56 pm Entrada Núm. 12 Página 5 de 7

**6. Initial Designation of Covered Entities Under PROMESA**

At 8:51 a.m., Mr. Carrión stated that the final agenda item was the Board's initial designation of covered entities, as authorized by PROMESA section 101(d). Mr. Carrión noted that the Board members had previously been provided a list entitled "COVERED ENTITIES UNDER THE PROMESA ACT" showing those instrumentalities which were being proposed to be designated as "covered territorial instrumentalities." (A listed is attached as an appendix to these minutes.)

Mr. García moved that the entities shown on the list entitled "COVERED ENTITIES UNDER THE PROMESA ACT" be designated "covered territorial instrumentalities" subject to PROMESA."  Ms. Matosantos seconded this motion, citing the Board's rationale to adopt a holistic approach that recognizes the interrelatedness of the Commonwealth's Central Government and the various entities and corporations that exist at the Commonwealth level or under the auspices of the Central Government.  Mr. Carrión asked for a vote by a show of hands – first of those in favor – then of those opposed.  All six members then present voted in favor of the motion, and Mr. Carrión announced that the motion had passed.

**Adjournment**

At 8:55 a.m., Mr. Carrión moved that the meeting be adjourned.  Judge González seconded the motion.  Mr. Carrión asked for a vote by a show of hands – first of those in favor – then of those opposed.  All six members then present voted in favor of the motion, and Mr. Carrión declared the meeting adjourned.

Respectfully submitted,

David Skeel
Secretary

5

Case:23-03683-LTS Doc#:16-4 Filed:06/24/23 Entered:06/24/23 Pages 6 of 7 Desc:
Appendix Exhibit 1 to Motion to Dismiss Dkt 12-1   Page 6 of 7

SJ2023CV04406 22/05/2023 05:03:56 pm Entrada Núm. 12 Página 6 de 7

**APPENDIX**

**COVERED ENTITIES UNDER THE PROMESA ACT**

The Financial Oversight and Management Board for Puerto Rico (the "Board") resolves that the following entities are designated as initial covered entities and are subject to oversight under the Puerto Rico Oversight, Management and Economic Stability Act (the "Act").

1. Commonwealth of Puerto Rico

2. Employees Retirement System and Judiciary Retirement System

3. Teachers Retirement System

4. University of Puerto Rico

5. Public corporations of Puerto Rico, including but not limited to:
    a. Aqueduct and Sewer Authority
    b. Children's Trust Fund
    c. Convention Center District Authority
    d. Economic Development Bank
    e. Electric Power Authority
    f. Fiscal Agency and Financial Advisory Authority
    g. Government Development Bank
    h. Highway and Transportation Authority
    i. Housing Finance Authority
    j. Industrial Development Company
    k. Infrastructure Financing Authority
    l. Municipal Finance Authority
    m. Ports Authority
    n. Public Buildings Authority
    o. Public Broadcasting Corporation
    p. Public Corporation for the Supervision and Insurance of Cooperatives (COSSEC)
    q. Public Finance Corporation
    r. Sales Tax Financing Corporation
    s. State Insurance Fund Corporation
    t. UPR Plaza Universitaria
    u. Tourism Company

Entities that are affiliated with or are subsidiaries of the entities listed above, as well as entities that succeed these entities are also designated as covered entities and subject to oversight.

1

Case:23-03683-LTS Doc#:16-4 Filed:06/22/23 Entered:06/22/23 17:04:24 Desc:
Appendix Exhibit 1 to Motion to Dismiss Dkt 12-1 Page 7 of 7

SJ2023CV04406 22/05/2023 05:03:56 pm Entrada Núm. 12 Página 7 de 7

In summary, the Board has resolved that entities and activities included in Puerto Rico's Comprehensive Annual Financial Report as part of the Primary Government, as Discretely Presented Component Units or as Fiduciary Funds are covered entities under the Act.

The Board expects to set a deadline of October 14, 2016 for the submittal of the Commonwealth's Fiscal Plan. The Commonwealth's Fiscal Plan shall include all agencies, departments, offices, administrations, programs, and functions that are part of the central government, the University of Puerto Rico, General Obligation Bonds, the Sales Tax Financing Corporation, the Highway and Transportation Authority, the Public Buildings Authority, the Government Development Bank, the Infrastructure Financing Authority, the Fiscal Agency and Financial Advisory Authority, the Public Finance Corporation, the UPR Plaza Universitaria, the Convention Center District Authority, the Industrial Development Company and the Retirement Systems.

The Board will establish deadlines for covered entities that will require individual fiscal plans and are not included in the Commonwealth's Fiscal Plan as soon as feasible. Such entities include the Electric Power Authority and the Aqueduct and Sewer Authority.

2