UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Title III |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO et al., | (Jointly Administered) |
| Debtors.[1] | |

---------------------------------------------------------------x

| | |
|---|---|
| UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM, THROUGH THE UNIVERSITY OF PUERTO RICO RETIREMENT BOARD, | |
| Plaintiff, | Adv. Proc. No. 23-00038-LTS |
| -v- | |
| UNIVERSITY OF PUERTO RICO THROUGH THE UNIVERSITY OF PUERTO RICO GOVERNING BOARD; CPA RICARDO DALMAU-SANTANA, PRESIDENT OF THE UNIVERSITY OF PUERTO RICO GOVERNING BOARD; XYZ ENTITY, | |
| Defendants. | |

---------------------------------------------------------------x

<u>Order to Show Cause Concerning Assignment of Adversary Proceeding</u>

      The Court has received and reviewed the *Notice of Removal* (Docket Entry No. 1 in Adv. Proc. No. 23-00038) (the "Notice of Removal"), filed by the University of Puerto Rico, the University of Puerto Rico Governing Board, and Ricardo Dalmau-Santana (collectively,

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

"Defendants"), and the *Complaint and Request for Permanent Injunction and Declaratory Judgment* (Docket Entry No. 1-2 in Adv. Proc. No. 23-00038) (the "Complaint"), filed by the Retirement System of the University of Puerto Rico ("Plaintiff").

The Notice of Removal asserts that the Court has jurisdiction of the above-captioned adversary proceeding (the "Action") under section 306(a)(2) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2166(a)(2) and section 106(a) of PROMESA, 48 U.S.C. §2126(a).  (Notice of Removal ¶ 19.)

The undersigned was designated as the presiding judge in the Title III cases of the Commonwealth of Puerto Rico and certain instrumentalities thereof, and disputes filed as adversary proceedings (or removed to the United States District Court for the District of Puerto Rico as adversary proceedings in connection with one or more Title III cases) are therefore directed to the undersigned for resolution.  See 48 U.S.C. § 2168(a) (providing for the "designat[ion of] a district court judge to sit by designation to conduct the case").  The Court has previously held that

> Although not directly stated in PROMESA, the designation of a judge to conduct a Title III case implies that, where a dispute does not fit within the jurisdictional parameters of Title III, or where the judge conducting a Title III case abstains from hearing a particular dispute, see 48 U.S.C.A. § 2169, it should not be entertained as an adversary proceeding overseen by the judge designated to conduct the Title III case, but rather be treated as a civil matter in the district court and assigned pursuant to the district's ordinary practices.

Fin. Oversight & Mgmt. Bd. for P.R. v. Pierluisi Urrutia (In re Fin. Oversight & Mgmt. Bd. for P.R.), 650 B.R. 334, 348 (D.P.R. 2023) ("Pierluisi").  Accordingly, the Action should only be treated as an adversary proceeding overseen by the undersigned if the proceeding is within the jurisdictional grant of Title III of PROMESA.

The Court's review of the Complaint (as informed by the arguments in the Notice of Removal) does not reveal a clear basis for concluding that the Action falls within the parameters of Title III.  The relief sought in the Complaint appears to be based in Commonwealth law rather than Title III of PROMESA, and Defendants' arguments concerning inconsistency with certified fiscal plans appear to concern Title II, rather than Title III, of PROMESA.  Cf. 48 U.S.C. § 2166(a) (providing "original and exclusive jurisdiction of all cases under this subchapter" and "original but not exclusive jurisdiction of all civil proceedings arising under this subchapter, or arising in or related to cases under this subchapter" (emphasis added)).

The Notice of Removal asserts that "the remedy sought [in the Complaint] can and will have 'an effect' on the Title III proceedings . . . and on the Fiscal Plan and the budget approved by the FOMB for the UPR."  (Notice of Removal ¶ 22.)  However, the University of Puerto Rico is not a Title III debtor and the plan of adjustment for the Commonwealth was confirmed some time ago. The Court has held that, following confirmation of the Commonwealth's plan of adjustment, the applicable jurisdictional test under section 306(a)(2) of PROMESA is "whether the proceeding bears a 'close nexus' to the bankruptcy proceeding or the confirmed plan [of adjustment]," Pierluisi, 650 B.R. at 348-51 & n.12, rather than the less strict

jurisdictional test cited in the Notice of Removal.  (See Notice of Removal ¶ 20 (citing Voya Institutional Tr. Co. v. Univ. of P.R., 266 F. Supp. 3d 590 (D.P.R. 2017)).)  A dispute does not bear a "close nexus" to the confirmed plan of adjustment or to the post-confirmation bankruptcy proceeding simply because its outcome could have "negative effects on the economy of Puerto Rico [or] on the Commonwealth's revenues." Id. at 350-51 & n.14 (noting that the plaintiff had not alleged that negative economic effects "would violate or hinder compliance with any particular obligation established by the terms of the Commonwealth Plan [of Adjustment]").

   Accordingly, in light of the above issues, Defendants are directed to show cause in a writing filed with the Clerk of Court by **June 13, 2023**, as to why the Court should not reject the Action as an adversary proceeding and refer the Action to the Clerk of Court for processing and judicial assignment in accordance with the ordinary procedures of the District Court.

   SO ORDERED.

Dated: May 31, 2023

               /s/ Laura Taylor Swain
               LAURA TAYLOR SWAIN
               United States District Judge