**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                                       Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM, THROUGH THE UNIVERSITY OF PUERTO RICO RETIREMENT BOARD<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF PUERTO RICO THROUGH THE UNIVERSITY OF PUERTO RICO GOVERNING BOARD, *et al.*<br><br>Defendants. | Adv. Proc. No. 23-00038-LTS |

**MOTION FOR REMAND**

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE COURT**

**COMES NOW** the University of Puerto Rico Retirement System ("Retirement System") through the University of Puerto Rico Retirement Board ("Retirement Board")(collectively "Plaintiffs") duly represented by the undersigned counsel and respectfully states as follows:

### I.   PROCEDURAL BACKGROUND

1. On May 11, 2023, Plaintiffs filed a civil action in the Puerto Rico Court of First Instance in San Juan, Case No. SJ2023CV04406, against the University of Puerto Rico ("UPR") through its Governing Board, its president CPA Ricardo Dalmau-Santana, and others (collectively "Defendants"). **Case No. 23-AP-00038-LTS, ECF No. 1-2.** The complaint for the civil case is based solely on interpretation of state law and does not include the Oversight Board as a Defendant.

2. On May 24, 2023, the Defendants removed the action to federal court, specifically to the Title III Court through an adversary proceeding within the Commonwealth Docket, Case No. 17-BK-3282-LTS. **ECF No. 1.** The grounds for removal stated by Defendants are focused on PROMESA. That is, the argument in favor of removal is limited to the fact that the UPR is a covered instrumentality under PROMESA, with a certified fiscal plan. Defendants invoked the Title III Court's original jurisdiction under Section 306(a)(2) of PROMESA and the exclusive jurisdiction of the District Court, pursuant to Section 106 of PROMESA.  **ECF No. 1, ¶¶ 19-22.**

3. On May 31, 2023, the Court ordered Defendants to show cause "as to why the Court should not reject the Action as an adversary proceeding and refer the Action to the Clerk of Court for processing and judicial assignment in accordance with the ordinary procedures of the District Court." **ECF No. 5 at 3.** The Court stated the following:

> The Court's review of the Complaint (as informed by the arguments in the Notice of Removal) **does not reveal a clear basis for concluding that the**

**Action falls within the parameters of Title III. The relief sought in the Complaint appears to be based in Commonwealth law rather than Title III of PROMESA**, and Defendants' arguments concerning inconsistency with certified fiscal plans appear to concern Title II, rather than Title III, of PROMESA . . . . **ECF No. 5 at 2 (emphasis added).**

4. As such, the Court has already discarded jurisdiction based on Title III of PROMESA.

5. On June 13, 2023, Defendants filed their motion to show cause, where they informed "**that they have no objection to this removal being referred to the Clerk of Court for processing and judicial assignment in accordance with the ordinary procedures of the District Court**." ECF No. 7 ¶ 2 **(emphasis in the original).** Defendants added that "[t]he District Court has jurisdiction as to all matters concerning the implementation of the fiscal plans approved by the FOMB as a matter of preemption pursuant to Title II of PROMESA." **Id.**

## II.  LEGAL STANDARD

6. Upon the removal of an action from state court, the plaintiff has the right to request remand.

    A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). **If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded**. An order remanding the case **may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal**. 28 U.S.C. § 1447(c)(emphasis added).

7. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, (1987)(footnote omitted). See 28 U.S.C. § 1441.

    Absent diversity of citizenship, federal-question jurisdiction is required. **The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint**. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. Caterpillar, Inc., 482 U.S. at 392 (footnotes omitted)(emphasis added).

8. As such, "in deciding (for removal purposes) whether a case presents a federal [question], a court is to ask whether the plaintiff's **claim to relief** rests upon a federal right, and the court is to look only to **plaintiff's complaint** to find the answer." Rossello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 10 (1st Cir. 2004)(emphasis in the original)(citations omitted).

9. Therefore, "[t]he existence of **a federal defense is not sufficient for removal jurisdiction**." Id. (emphasis added)(citations omitted).

10. "[T]he **burden to prove that a federal question has been pled lies with the party seeking removal**." Id. at 11 (emphasis added)(citations omitted). "When the parties clash about jurisdiction, therefore, **all doubts about federal jurisdiction should be resolved in favor of remand to state court**." Bonilla-Perez v. Citibank NA, 892 F. Supp. 2d 361, 364 (D.P.R. 2012)(emphasis added)(citations, brackets and quotation marks omitted).

### III.   ARGUMENT

11. In the present case, removal is unwarranted, and the burden lies with Defendants to prove otherwise.

**A.  The Complaint does not arise under PROMESA.**

12. The only basis for removal that Defendants advance is grounded in PROMESA. Pursuant to Section 106 of PROMESA:

> Except as provided in section 2124(f)(2) of this title (relating to the issuance of an order enforcing a subpoena), and subchapter III (relating to adjustments of debts), any action against the Oversight Board, **and any action otherwise arising out of this chapter**, in whole or in part, shall be brought in a United States district court for the covered territory . . . . 48 U.S.C. § 2126(a)(emphasis added).

13. This language is similar to that for bankruptcy proceedings, where there are categories of jurisdiction. District courts have jurisdiction over cases under the Bankruptcy Code and proceedings arising under, arising in or related to cases under the Bankruptcy Code. See Gupta v. Quincy Med. Ctr., 858 F.3d 657, 661 (1st Cir. 2017)(citing 28 U.S.C. § 1334).

4

14. In bankruptcy, the distinction between "arising under", "arising in" and "related to" jurisdiction" is not always easy to make, but there is a scope to each one. See Gupta, 858 F.3d at 661. Firstly, "arising under" refers to when the statute "creates the cause of action." Id. at 662 (citations omitted). This is analogous to the "arising under" language that establishes federal question jurisdiction. Id. On the other hand, "arising in" refers to actions that "are not based on any right expressly created by the [statute], but nevertheless have no existence outside of the bankruptcy." Id. at 662-63 (citation omitted). Lastly, "related to" means cases that have some effect on bankruptcy. Id. at 663.

15. Clearly, the language of PROMESA's grant of jurisdiction is akin to that of federal question and "arising under" jurisdiction. Thus, "arising under" PROMESA means that the cause of action is created by PROMESA. See Id. at 662.

16. As the Court itself expressed, the relief sought in Plaintiff's case is based in Puerto Rico law. **ECF No. 5 at 2.** Plaintiff's complaint does not invoke any part of PROMESA, and it does not involve the Oversight Board. As such, there is no jurisdiction under PROMESA, because the action does not arise under this statute. From the face of the complaint, removal on this basis is unwarranted. Moreover, Defendants' defenses grounded in PROMESA do not create jurisdiction. Rossello-Gonzalez, 398 F.3d at 10. Thus, this Court should remand.

### B. The Complaint does not present a federal question.

17. While Defendants do not raise any alternate grounds for removal, the Court should note that there is no other basis for federal jurisdiction. It is indisputable that "[f]ederal courts are courts of limited jurisdiction." Fort v. ABZCO, LLC, 470 F. Supp. 3d 133, 136 (D.P.R. 2020)(citations omitted). This means that subject matter jurisdiction must be shown in the form of diversity or federal question. Id.[2]

---

[2] Plaintiffs will not dwell on diversity jurisdiction, as it is evident that the parties involved do not meet the requirements. See ABZCO, LLC, 470 F. Supp. at 136.

18. As previously stated, federal question jurisdiction is governed by the complaint. See Caterpillar, Inc., 482 U.S. at 392. It "exists only when a federal question is **presented on the face of the plaintiff's properly pleaded complaint**." Id.(emphasis added). However, as previously stated, Plaintiffs do not invoke any federal right in their complaint. See Rossello-Gonzalez, 398 F.3d at 10. Therefore, there is no federal question presented in the complaint and the burden to establish otherwise lies with Defendants. Id. at 11. Thus, this Court lacks subject matter jurisdiction.

**WHEREFORE**, for all the reasons stated in the present motion, Plaintiffs respectfully request this Honorable Court to take notice of the foregoing and order the remand of the case to the state court.

**WE HEREBY CERTIFY** that on this same date we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all participants and Standard Parties. A courtesy copy of this Motion will be delivered to the Court by email to SwainDPRCorresp@nysd.uscourts.gov as provided in *First Amended Standing Order*.

In Ponce, Puerto Rico, this 14th day of June, 2023.

***[SIGNATURES ON THE NEXT PAGE]***



f/ Rafel Maldonado Pérez
**Lcdo. Rafael Maldonado Pérez**
**USDC:** 223513
PO Box 194669
San Juan, PR 00919
Tel. (787) 553-8293
Fax (787) 765-3043
Rmaldonadolaw@gmail.com

472 Ave. Tito Castro
Edificio Marvesa, Suite 106
Ponce, Puerto Rico 00716
Tel: (787) 848-0666
Fax: (787) 841-1435
notificaciones@bufete-emmanuelli.com

*f/ Rolando Emmanuelli Jiménez*
**Lcdo. Rolando Emmanuelli Jiménez**
**USDC**: 214105
rolando@emmanuelli.law

*f/ Jessica E. Méndez Colberg*
**Lcda. Jessica E. Méndez Colberg**
**USDC**: 302108
jessica@emmanuelli.law

*f/ Zoé C. Negrón Comas*
**Lcda. Zoé C. Negrón Comas**
**USDC:** 308702
zoe@emmanuelli.law