### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNIVERSITY OF PUERTO RICO RETIREMENT BOARD,**<br><br>**Plaintiff,**<br><br>v.<br><br>**UNIVERSITY OF PUERTO RICO; ET AL.,**<br><br>**Defendants.** | **CIVIL NO. 23-1326 (PAD)** |

### OPINION AND ORDER

Delgado-Hernández, District Judge.

Plaintiff sued the University of Puerto Rico ("UPR") and Ricardo Dalmau Santana, in his official capacity as president of the UPR Board of Governors, seeking to enjoin them from implementing proposed reforms to the UPR's pension system because in plaintiff's view, they are in violation of local law and UPR regulations (Docket No. 1-2). Defendants removed the case to this forum. (Docket No. 1). Before the court is plaintiff's "Motion for Remand" (Docket No. 8), which defendants opposed (Docket No. 16). Plaintiff replied (Docket No. 20). For the reasons that follow, the motion must be granted, and the case remanded to state court.

### I.   PROCEDURAL BACKGROUND

On May 11, 2023, plaintiff initiated the action in the San Juan Part of the Puerto Rico Court of First Instance ("CFI") (Docket No. 1-2). On May 24, 2023, defendants removed the case to the PROMESA Title III court pursuant to Section 306(a)(2) of PROMESA. (Docket No. 1).[1] For defendants, plaintiff's action "will have 'an effect' on the [PROMESA] Title III proceedings" and

---

[1] PROMESA stands for the "Puerto Rico Oversight, Management, and Economic Stability Act," 48 U.S.C. § 2166(a)(2).

Case 3:23-cv-01326-PAD   Document 24   Filed 02/07/24   Page 2 of 10

University of Puerto Rico Retirement Board v. University of Puerto Rico; et. al.
Civil No. 23-1326 (PAD)
Opinion and Order
Page 2

the UPR's confirmed fiscal plan (Docket No. 1, p. 7).  Upon review of the complaint, however, the Title III court found that the allegations did not appear to concern the Title III proceedings or the confirmed plan of adjustment, and thus ordered defendants to show cause as to why the case should not be referred to this court (Docket No. 5).  Defendants responded that they did not oppose the referral and so the Title III court referred the case accordingly (Docket Nos. 7 and 9).

On June 15, 2023, plaintiff moved to remand averring that because the complaint is premised entirely on Puerto Rico law, there is no basis for federal jurisdiction (Docket No. 8). Defendants countered that plaintiff's challenge to the proposed pension reforms would contradict the UPR's fiscal plans which have been certified by PROMESA's Financial Oversight and Management Board ("FOMB") (Docket No. 16, pp. 2-3).  In other words, to defendants' way of thinking, the issue raised in the complaint "arises at least in part under PROMESA" because a challenge to the proposed pension reforms would be a challenge to the FOMB-certified fiscal plans and, by extension, a challenge to the FOMB's statutory authority.  Id. at 9.  Plaintiff responds that the relief sought in the complaint is completely untethered to PROMESA and defendants' raising of the issue as a defense to plaintiff's state law claims is not adequate grounds for removal (Docket No. 20, p. 3).  Moreover, it posits that defendants do not have standing to raise the "powers and authorities" of the FOMB as a defense, particularly when the FOMB has not exercised its prerogative to intervene in the case.  Id. at 8.

## II.     DISCUSSION

A. Removal Jurisdiction.

Removal of a civil action from state to federal court is proper "only if the action initially could have been brought in federal court." R.I. Fishermen's All., Inc. v. R.I. Dept. of Env't Mgmt,

Case 3:23-cv-01326-PAD   Document 24   Filed 02/07/24   Page 3 of 10

University of Puerto Rico Retirement Board v. University of Puerto Rico; et. al.
Civil No. 23-1326 (PAD)
Opinion and Order
Page 3

585 F.3d 42, 47 (1st Cir. 2009).  District courts' original jurisdiction extends to "civil actions" arising under federal law.  28 U.S.C. § 1331.  A case arises under federal law: (1) "when federal law creates the cause of action asserted;" and (2) in a "special and small category" of cases where state law creates the cause of action, as long as the federal issue is: (i) necessarily raised; (ii) actually disputed; (iii) substantial; and (iv) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.  Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning, 578 U.S. 374, 383-384 (2016).  Where all four of these requirements are met, jurisdiction is proper because "there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts."  Gunn v. Minton, 568 U.S. 251, 258 (2013)(quoting Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313-314 (2005)).

In this setting, every putative federal question case "must pay tribute to the well-pleaded complaint rule," which requires that the federal question be stated on the face of the plaintiff's well-pleaded complaint.  R.I. Fishermen's All., Inc., 585 F.3d at 48.  On that basis, for a case to arise under PROMESA, the cause of action under which the complaint is brought must be created by PROMESA.  See, In re Fin. Oversight and Mgmt. Bd. for P.R., 330 F.Supp.3d 667, 681 (D.P.R. 2018)("[plaintiffs'] claims were not created by PROMESA and therefore they do not 'arise under' PROMESA").  Review of the operative complaint in this case reveals no cause of action rooted in PROMESA or any other federal provision (Docket No. 1-2).  Thus, defendants' only remaining avenue to defeat remand is to place this litigation under the "special and small" category of cases

Case 3:23-cv-01326-PAD   Document 24   Filed 02/07/24   Page 4 of 10

University of Puerto Rico Retirement Board v. University of Puerto Rico; et. al.
Civil No. 23-1326 (PAD)
Opinion and Order
Page 4

alluded to earlier.  The analysis of its constituent elements follows.[2]

First, for an issue to be "necessarily raise[d]," the issue in question must be an "essential element" of a plaintiff's claim.  Tyngsboro Sports II Solar, LLC v. Nat'l Grid USA Serv. Co., Inc., 88 F.4th 58, 66 (1st Cir. 2023).  This means that jurisdiction must be determined through a review of plaintiff's own statement of its claim "unaided" by anything alleged in anticipation of any defense that may be raised against the complaint.  Aetna Health Inc. v. Dávila, 542 U.S. 200 (2004)(quoting Taylor v. Anderson, 234 U.S. 74 (1914)).  Put more simply, if the federal issue is only raised as an element of the defense, it is "inadequate to confer federal jurisdiction."  Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1986).

Viewed holistically, the dispute here is one ostensibly rooted in local law (Docket No. 1-2).  To this effect, plaintiff's claim stems from defendants' alleged attempt to disregard P.R. Laws Ann. tit. 18, § 602(h)(15), which according to plaintiff's reading of the statute, only permits one single unified pension system within the UPR.  There are no causes of action under PROMESA or other federal law.[3]  Without prejudging the issue, it is possible that defendants may have a valid federal defense to the allegations raised against them.  But the mere invocation of the specter of PROMESA is inadequate to establish removal jurisdiction in and of itself.  See, Franchise Tax Bd. State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 14 ("[S]ince 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint,

---

[2] For sake of brevity, the court skips over the "actually disputed" element as it is evident that the parties dispute whether or not PROMESA applies at this juncture in this proceeding.

[3] In fact, the complaint contains only scant reference to PROMESA and even then, only to argue that it does not apply (Docket No. 1-2, p. 3).

Case 3:23-cv-01326-PAD   Document 24   Filed 02/07/24   Page 5 of 10

University of Puerto Rico Retirement Board v. University of Puerto Rico; et. al.
Civil No. 23-1326 (PAD)
Opinion and Order
Page 5

and even if both parties admit that the defense is the only question truly at issue in the case").

Second, a finding of substantiality inquires not only on whether the federal issue is significant to the particular parties, but whether it is important "to the federal system as a whole." Gunn, 568 U.S. at 260. Applying the concept, courts have found two basic categories of cases involving substantial issues important to the federal system: (1) cases "where the outcome of the claim" could turn on a new interpretation of a federal statute or regulation which will govern a large number of cases; or (2) cases where the resolution of the issue has broader significance for the federal government. Municipality of Mayagüez v. Corporación para el Desarrollo del Oeste, Inc., 726 F.3d 8, 14 (1st Cir. 2013).

Defendants proffer that the PROMESA issue in this case is substantial because, from their point of view, the complaint is a thinly veiled challenge to the FOMB's fiscal directives over the UPR's pension system. (Docket No. 16, pp. 11-12). However, this line of argument raises two immediate concerns. To begin, plaintiff's challenge to the propriety of the UPR's pension reform would be, at most, a challenge to the UPR's chosen methods for implementation of the FOMB's fiscal mandates, and not of any action of the FOMB itself. Further, defendants' standing to defend the FOMB's authority is dubious at best. See, Hollingsworth v. Perry, 570 U.S. 693, 705-706 (2013)(litigant must possess "direct stake in the outcome" to assert a claim). Even though PROMESA grants the FOMB the prerogative to intervene in litigation against the local government (see, 48 U.S.C. § 2152 ("The [FOMB] may intervene in any litigation filed against the territorial government"), it has not done so here.

In any event, without delving into the murky waters of standing jurisprudence, aside from the obvious importance of the issue to the parties, this case does not fall within any of the categories

Case 3:23-cv-01326-PAD   Document 24   Filed 02/07/24   Page 6 of 10

University of Puerto Rico Retirement Board v. University of Puerto Rico; et. al.
Civil No. 23-1326 (PAD)
Opinion and Order
Page 6

recognized as substantial in Gunn, 568 U.S. at 251, and instead deals, much like was the case in Franchise Tax Bd. of State of Cal., 463 U.S. at 1, with a defense to a state-based action. Hence, the court is not persuaded that such defense raises the issue to the degree of substantiality needed to confer jurisdiction within the meaning of 28 U.S.C. § 1441.

Third, on the federal-state balance, defendants allege the case must be heard in federal court "to ensure that the Congressional purposes of the [FOMB] are preserved and enforced consistently with prior federal court rulings" (Docket No. 16, p. 7). Yet, at this stage of the proceedings, it does not appear that the action in the complaint interferes with the FOMB's fiscal directives, but with defendants' chosen method of implementing them. There is still a "deeply rooted presumption" of concurrent state-court jurisdiction to adjudicate federal issues, rebuttable only through direct congressional exclusion. Mims v. Arrow Fin. Serv., LLC, 565 U.S. 368, 378 (2012). And "any ambiguity as to the source of law" relied upon to invoke removal ought to be resolved against removal. Roselló-González v. Calderón-Serra, 398 F.3d 1, 11 (1st Cir. 2004). Although PROMESA provides that, with some exceptions, actions arising under the statute "shall be brought in a United States district court," 48 U.S.C. § 2126, as was discussed above, the dispute currently before the court does not "arise" out of PROMESA, but rather Puerto Rico law. Thus, none of these elements supports removal jurisdiction.

B. Section 306(a)(2)

Section 306(a)(2) of PROMESA does not lead to a different result. This Section confers upon the United States District Court for the District of Puerto Rico "original but not exclusive jurisdiction" of all civil proceedings "arising under" or "related to" cases under Title III of PROMESA. 48 U.S.C. § 2166(a)(2). After careful review of the notice of removal and the

Case 3:23-cv-01326-PAD   Document 24   Filed 02/07/24   Page 7 of 10

University of Puerto Rico Retirement Board v. University of Puerto Rico; et. al.
Civil No. 23-1326 (PAD)
Opinion and Order
Page 7

complaint, the Title III court observed that: (1) the complaint seemed to be brought solely under Puerto Rico law; (2) the UPR is not a Title III debtor; and (3) defendants' arguments regarding fiscal plan confirmation seemed to be more in line with Title II instead of Title III of PROMESA (Docket No. 5, p. 2). That being so, the Title III court found that the case did not appear to bear a "close nexus" to the Title III case and ordered defendants to show cause as to why the instant action should remain as an adversary proceeding within the Title III case (Docket No. 5, p. 3). Defendants consented to the transfer of the case before this court and so, the Title III court ordered just that (Docket Nos. 7, 9).

The Title III court's holding that the complaint did not appear to bear a "close nexus" to the Title III proceedings stemmed from its recent ruling in In re Fin. Oversight and Mgmt. Bd. for P.R., 650 B.R. 334 (D.P.R 2023), aff'd, 77 F.4th 49 (1st Cir. 2023),[4] which involved a somewhat similar jurisdictional question. There, the FOMB sued the governor of Puerto Rico contending that recent amendments to local labor statutes were enacted in violation of PROMESA's certification procedures. Id. at 350. In response, the governor challenged the Title III court's jurisdiction to adjudicate the case, arguing that his dispute with the FOMB was unrelated to the Title III proceedings and thus beyond the scope of Section 306(a)(2)'s jurisdictional grant. Id. at 347.[5] Ultimately, the Title III court, applying the "close nexus" standard, held that the statutes

---

[4] To avoid confusion with other similarly named Title III cases, the court will use the term the "LTFA Case" as a shorthand to refer to In re Fin. Oversight and Mgmt. Bd. for P.R., 650 B.R. 334 (D.P.R. 2023), aff'd, 77 F.4th 49 (1st Cir. 2023).

[5] A crucial distinction between the LTFA Case and the instant case is that the FOMB's complaint was specifically brought under PROMESA (Case No. 22-ap-063, Docket No. 1), whereas plaintiff's complaint is moored to UPR regulations and Puerto Rico law (Docket No. 1-2). To that end, the jurisdictional question in that case revolved around whether the dispute went beyond the scope of the Title III court's designation and not whether the case belonged in federal court. In other words, the issue before the Title III court, and later the First Circuit, was whether the case should be heard as an adversary proceeding within the Title III proceedings or whether it should have been referred to the United States District Court for the District of Puerto Rico's general civil docket.

Case 3:23-cv-01326-PAD   Document 24   Filed 02/07/24   Page 8 of 10

University of Puerto Rico Retirement Board v. University of Puerto Rico; et. al.
Civil No. 23-1326 (PAD)
Opinion and Order
Page 8

being challenged were enacted to "impair or defeat the purposes of [PROMESA]" and as such ran contrary to the language of the Commonwealth's confirmed plan. Id. at 351. Along this line, the dispute was sufficiently related to the Commonwealth's confirmed plan and likewise, was "related to" the Title III proceedings as required by Section 306(a)(2). Id. at 349-352. On appeal, the First Circuit affirmed the Title III court's ruling that the case was "related to" the Title III proceedings but declined to apply the stricter "close nexus" standard that the Title III court had adopted. In re Fin. Oversight and Mgmt. Bd. for P.R., 77 F.4th at 60-63. Instead, the First Circuit followed the broader conception of relatedness found in Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984).

This procedural context is important, because the "close nexus" standard under which the Title III court operated before its referral of the case to this court's ordinary civil docket was later rejected by the First Circuit in favor of the Pacor standard, a standard which, by the First Circuit's own description, is "quite broad." In re Fin. Oversight and Mgmt. Bd. for P.R., 77 F.4th at 60. Under Pacor, a case may be "related to" the bankruptcy proceedings if its outcome "could conceivably have any effect on the estate being administered in bankruptcy." Pacor, Inc., 743 F.2d at 994. This modality of relatedness is broad but not "limitless." In re Fin. Oversight and Mgmt. Bd. for P.R., 77 F.4th at 60. Still, given that the bankruptcy estate technically ceases to exist after the confirmation of a plan, many courts have adopted the proposition that a bankruptcy court's "related to" jurisdiction narrows after a plan is confirmed, focusing their inquiry instead on whether the post-confirmation proceedings bear a "close nexus" to the Bankruptcy proceedings. 1 COLLIER ON BANKRUPTCY ¶ 3.02[7] (16th ed. 2023). And this was the lens through which the Title III court focused its inquiry when deciding to refer the present case to this court's ordinary

Case 3:23-cv-01326-PAD   Document 24   Filed 02/07/24   Page 9 of 10

University of Puerto Rico Retirement Board v. University of Puerto Rico; et. al.
Civil No. 23-1326 (PAD)
Opinion and Order
Page 9

civil docket (Docket No. 5). Nonetheless, the First Circuit declined to adopt this framing of post-confirmation jurisdiction in the PROMESA context. See, In re Fin. Oversight and Mgmt. Bd. for P.R., 77 F.4th at 61. Guided in large part by the "sui generis nature of PROMESA," the First Circuit held that "what might be 'related to' a Title III case is distinct from what might be 'related to' a title 11 bankruptcy case." Id. Based on this, the First Circuit found that concerns of jurisdictional overreach through "related to" bankruptcy jurisdiction were largely irrelevant to the PROMESA context, under the LTFA Case's specific fact pattern. Id.[6]

Defendants' arguments are not too dissimilar from the FOMB's position in the LTFA Case. Defendants' theory in favor of federal jurisdiction hinges on the central thesis that plaintiff's claims run contrary to the fiscal plan certification procedures and other provisions found in Title II of PROMESA. But, contrary to the FOMB's case, PROMESA is only raised as defense to plaintiff's local law claims. And, the Commonwealth of Puerto Rico is not a party to this case; the UPR is. Besides, while the UPR is a "covered entity" under PROMESA, it is not a Title III debtor. See, In re Fin. Oversight and Mgmt. Bd. for P.R., 60 F.4th 9, 15 (1st Cir. 2023)(dismissing plaintiffs' Puerto Rico law claims against the UPR for lack of supplemental jurisdiction once the PROMESA related claims were dismissed).

Taking a step back, the issue becomes clear. Before the court is a Puerto Rico law-based complaint involving two non-Title III debtors in a case where "PROMESA's tools for financial reform" do not provide the basis for the claim. In re Fin. Oversight and Mgmt. Bd. for P.R., 77

---

[6] The First Circuit also cautioned that its holding in the LTFA Case did not imply "related to" jurisdiction stretched infinitely in the PROMESA context, particularly where "PROMESA's tools for financial reform" do not provide "the basis for the claim." In re Fin. Oversight and Mgmt. Bd. for P.R., 77 F.4th at 63.

Case 3:23-cv-01326-PAD   Document 24   Filed 02/07/24   Page 10 of 10

University of Puerto Rico Retirement Board v. University of Puerto Rico; et. al.
Civil No. 23-1326 (PAD)
Opinion and Order
Page 10

F.4th at 63. Any potential connection between this case and the Title III proceedings becomes too wide a chasm to bridge even under a broader conception of relatedness. See, In re Santa Clara Cnty Child Care Consortium, 223 B.R. 40, 44 (B.A.P. 1st Cir. 1998)(finding no "related to" jurisdiction where state court proceedings involved a declaratory judgment action to determine the rights and obligations of two non-debtor parties that did not have a "conceivable substantive effect" on the bankruptcy estate). And with no solid link between the Puerto Rico law claims and the Title III proceedings, the court has no choice but to remand the case to the CFI.[7]

### III.   CONCLUSION

For the reasons stated, plaintiff's "Motion for Remand" (Docket No. 8), is GRANTED and the case REMANDED to the San Juan Part of the Puerto Rico Court of First Instance. Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 7th day of February, 2024.

> s/Pedro A. Delgado-Hernández
> PEDRO A. DELGADO-HERNÁNDEZ
> United States District Judge

---

[7] Absence of "original federal jurisdiction does not mean that there is no federal forum" in which a federal defense may be heard. Franchise Tax Bd. of State of Cal., 463 U.S. at 12 n. 12. If the local courts reject that defense, the decision may ultimately be reviewed by the United States Supreme Court. Id.